IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-00260-01/02-CR-W-ODS |
| | ) | |
| PORFIRIO ALMEIDA-PEREZ and | ) | |
| JOSE ALMEIDA-PEREZ, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND DENYING DEFENDANTS' MOTIONS TO SUPPRESS**

On December 13, 2006, the Honorable Robert E. Larsen, United States
Magistrate Judge for the Western District of Missouri, issued his Report and
Recommendation ("R&R") recommending that Defendants' Motions to Suppress be
denied. The Court has reviewed the Record *de novo* and has considered Defendants'
objections to the R&R. The Court overrules Defendants' objections and adopts the
R&R as the Order of the Court.

The R&R is very detailed, and there is no reason to repeat all that has been
written previously. The Court finds the testimony of Defendants and the Defendants'
witnesses to not be credible for the reasons specified in the R&R, including specifically
(1) the conflicts between the testimony offered by Defendants, (2) the internal
inconsistencies in the testimony offered by individual witnesses, and (3) the general
unreasonableness of the testimony. In short, the Court does not believe the officers
implicitly threatened the occupants with a baseball bat. The Court also does not believe
the witnesses gave consent because they feared being arrested: they had already
admitted they were in the country illegally, and they had been arrested in the past for
being in the country illegally; therefore, they knew their arrest was a certainty in any
event. Finally, the Court rejects Defendants' intimation the officers required some
corroboration before approaching Sergio Almeida-Alvarez and asking for permission to
enter the house. The officers did not pick the house at random, and while they may not

have had enough information to justify a warrant (an issue the Court need not decide), no particular level of suspicion is necessary to initiate a non-custodial encounter. Simply asking for permission to enter the home – which could have been denied – does not implicate the Constitution.

The Court concludes (1) the officers lawfully entered the house based on their reasonable belief that Sergio Almeida-Alvarez had the authority to allow their entry into the home, (2) the officers subsequent actions in the house were based on consent that was voluntarily given without threat or coercion or, in some cases (such as having the occupants move to certain locations) on a valid need to secure the premises and insure the officers' safety, and (3) Defendants voluntarily waived their <u>Miranda</u> rights after being properly advised of them.

The motions to suppress are denied.

IT IS SO ORDERED.


/s/ <u>Ortrie D. Smith        </u>
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

DATE: January 23, 2007

Case 4:06-cr-00260-ODS   Document 74   Filed 01/23/07   Page 2 of 2